UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY J. HANNA,

    Plaintiff,

    v.

OFFICER LITTLE, et al.,

    Defendants.

Case No. 14-cv-02216-JST (PR)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Re: Dkt. No. 19

    Plaintiff Timothy J. Hanna, an inmate at Avenal State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983, against staff and officials at San Quentin State Prison ("SQSP"), where he was previously incarcerated. The Court determined that the complaint stated a claim under 42 U.S.C. § 1983 against SQSP Correctional Officer Little for a violation of plaintiff's Eighth Amendment rights, and dismissed with leave to amend as to other claims and other defendants. See Dkt. No. 11. On December 1, 2014, plaintiff filed an amended complaint. Before the Court had an opportunity to screen the amended complaint, plaintiff filed a motion for leave to amend. The Court construed the motion as a request to file a second amended complaint ("SAC"), which request was granted. Plaintiff's SAC is due on or before January 23, 2015.

    Now before the Court is plaintiff's motion for appointment of counsel. Dkt. No. 19. One of the criteria the Court applies in determining whether to appoint counsel is the likelihood of success on the merits. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). The Court cannot determine whether there is a likelihood of success on the merits until it sees the SAC. Accordingly, the request for appointment of counsel is DENIED without prejudice.

    The Court also notes that plaintiff has a filed a "first request for production of documents." Dkt. No. 19. The request is premature as no defendant has yet been served in this action. Further,

1  the filing reflects plaintiff's misunderstanding of the discovery process, as a party may not obtain
2  discovery by simply telling the Court what he wants to learn.  The Court generally is not involved
3  in the discovery process and only becomes involved when there is a dispute between the parties
4  about discovery responses.  Discovery requests and responses normally are exchanged between
5  the parties without any copy being sent to the Court.  See Fed. R. Civ. P. 5(d)(1) (listing discovery
6  requests and responses that "must not" be filed with the Court until they are used in the proceeding
7  or the Court orders otherwise).  In sum, plaintiff must wait until one or more defendants are served
8  before propounding discovery and, at such point, must send discovery requests directly to defense
9  counsel and not to the Court.

10  This order terminates Docket No. 19.

11  **IT IS SO ORDERED.**

12  Dated:  January 5, 2015

_____
JON S. TIGAR
United States District Judge

2