UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. HANNA,<br><br>   Plaintiff,<br><br>   v.<br><br>OFFICER LITTLE,<br><br>   Defendant. | Case No. 14-cv-02216-HSG (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE OR TO PROVIDE LOCATION OF UNSERVED DEFENDANT; DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME**<br><br>Re: Dkt. No. 30 |

Plaintiff, an inmate at the Correctional Training Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against staff and officials at San Quentin State Prison ("SQSP"), where he was previously incarcerated. On May 13, 2015, the Court screened plaintiff's third amended complaint, found that it stated a cognizable Eighth Amendment claim of deliberate indifference to safety as against SQSP Correctional Officer Little, and ordered him served. Docket No. 27.

On June 1, 2015, the summons for defendant Little was returned unexecuted with the following remark: "Dismissed from state service. No forwarding address." Docket No. 31. Accordingly, defendant Little has not been served.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 120 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve the sole defendant, Officer Little. Consequently, plaintiff must remedy the situation or face dismissal of his claims without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir.

1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, within 120 days of the May 13, 2015 third amended complaint**,** i.e., no later than **September 10, 2015,** plaintiff must effect service on defendant Officer Little, or submit to the Court sufficient information to identify and locate defendant Officer Little such that the Marshal is able to effect service**.  Failure to do so will result in dismissal of defendant Officer Little without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

Plaintiff has filed a motion for extension of time to: (1) request leave to file a motion for reconsideration of that portion of the Court's May 13, 2015 order dismissing John Doe defendants 1-5, and (2) conduct discovery to ascertain the identities of other possible Doe defendants and submit a fourth amended complaint.  The motion is DENIED as unnecessary.  A litigant may request leave to file a motion for reconsideration any time before entry of judgment.  *See* Civ. L.R. 7-9(a).  Further, there are no current deadlines for plaintiff to name other possible Doe defendants.  Rule 15(a) instructs that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  However, "[l]eave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citation omitted).

The briefing schedule set forth in the Court's May 13, 2015 order is VACATED.  The Court will issue a new briefing schedule for dispositive motions when all service issues have been resolved.

This order terminates Docket No. 30.

**IT IS SO ORDERED.**

Dated: 6/9/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge