UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY J. HANNA,

    Plaintiff,

v.

OFFICER LITTLE,

    Defendant.

Case No. 14-cv-02216-HSG (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; DENYING PLAINTIFF'S MOTION TO COMPEL**

Re: Dkt. Nos. 33, 34

## INTRODUCTION

Plaintiff, an inmate at the Correctional Training Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against staff and officials at San Quentin State Prison ("SQSP"), where he was previously incarcerated. Plaintiff alleges that SQSP Correctional Officer Little informed another inmate that plaintiff is a sex offender, thereby exposing plaintiff to potential attack. On May 13, 2015, the Court screened plaintiff's third amended complaint, found that it stated a cognizable Eighth Amendment claim of deliberate indifference to safety as against Officer Little, and ordered him served. The Court, in the same order, dismissed plaintiff's claim for supervisorial liability against John Does 1-5, for failure to state a claim. Now before the Court are: (1) plaintiff's motion for reconsideration of that portion of the Court's May 13, 2015 order dismissing John Does 1-5; and (2) plaintiff's motion to compel.

//

//

**DISCUSSION**

**A.  Motion for Reconsideration**

Plaintiff seeks reconsideration of that portion of the Court's May 13, 2015 dismissing John Does 1-5 for failure to state a supervisorial liability claim. Plaintiff asserts that he is still in the process of trying to obtain reports relating to the incident involving Officer Little, including reports containing information about Officer Little's chain of command.

The motion for reconsideration is DENIED as unnecessary. Although the Court dismissed the supervisory liability claims against John Does 1-5, plaintiff will not be foreclosed from later asserting supervisory liability claims. If plaintiff discovers the names of individuals he believes to be liable as Officer Little's supervisors, he may seek leave to amend his complaint to add them as defendants. Plaintiff is reminded that a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).

**B.  Motion to Compel**

Plaintiff seeks an order compelling the Litigation Officer and Appeals Coordinator at SQSP to produce documents relating to the incident involving Officer Little. At this point, Officer Little still has not been served. He is no longer employed at SQSP, and the Court is awaiting a response from the CDCR as to whether it has a forwarding address for him. The Court therefore lacks personal jurisdiction over anyone who could be ordered to provide the information that plaintiff requests. Accordingly, the motion to compel is DENIED. Denial is without prejudice to re-filing if and when Officer Little is served. Plaintiff is reminded that he must engage in good faith efforts to meet-and-confer to try to resolve his discovery disputes before seeking an order compelling discovery. *See* Fed. R. Civ. P. 37(a)(1); N.D. Cal. Local Rule 37-1(a).

If plaintiff believes that prison policies are not being adhered to, his remedy is to seek

1    enforcement of the policies in administrative grievances.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for reconsideration is DENIED as unnecessary.
2. Plaintiff's motion to compel is DENIED without prejudice.

This order terminates Docket Nos. 33 and 34.

**IT IS SO ORDERED.**

Dated: 8/10/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge