UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. HANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL A LITTLE,<br><br>    Defendant. | Case No. 14-cv-02216-HSG (PR)<br><br>**ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO EXTEND TIME; SCHEDULING ORDER**<br><br>Re: Dkt. No. 45 |

Good cause appearing, defendant's ex parte application to extend time to file an initial responsive pleading is GRANTED. Defendant shall respond to plaintiff's third amended complaint on or before January 11, 2016.

On June 9, 2015, the Court vacated its previous scheduling order given that defendant had not yet been served. Defendant has now been served and has appeared through counsel. Accordingly, the Court now sets the following new briefing schedule:

    1.    No later than **91 days** from the date this order is filed, defendant must file with the Court and serve upon plaintiff a motion for summary judgment. The motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

    2.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than **28 days** from the date the motion is filed.

3. Defendant **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

This order terminates Docket No. 45.

**IT IS SO ORDERED.**

Dated:   December 29, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge